McFarland, J.,
delivered tbe opinion of the court.
Tbe action was to recover tbe value of a number of hides alleged to have been delivered to the defendant as a common carrier, to transport from Nashville to Bristol, but which, it is alleged, the defendant failed to do, but acted so negligently that the hides were lost.
The first question made is as to the proper limitation to be applied. Previous to the passage of our Code the statute of limitation was dependent in many cases upon the form of the action, but this was changed by the Code. Forms of action were abolished [Shannon’s Code, secs. 4487-4444], and, although by a subsequent act the option w-as given to parties to plead, either by the rules of the common law or the Code, yet the statute of limitations adopted by the Code is not made to depend upon the form of the action. There is no statute expressly applicable to the present action, but it must be governed by one or the other of the following sections. Sec. 277.3 [Shannon’s Code, sec. 4470] : “Actions for injuries to- personal or real property actions for the conversion or detention of personal property within three years from the accruing of the cause of action.” Sec. 2775 [Shannon’s Code, sec. 4472]: “Action for the use and occupation of land and for rent accrues against the sureties of guardians, executors and administrators, sheriffs, clerks, and other public officers^ for nonfeasance, misfeasance and malfeasance in office, actions on contracts not otherwise expressly provided for within six years after the cause of action accrued.”
*411 The circuit judge held that the first of the above sections was applicable, and that three' years was the limitation.
We are of opinion that this was correct. The action is for the detention or conversion of the plaintiff’s property. It is true the contract for carrying the goods is averred, and that the defendant failed to comply with it. Yet the gist of action is the detention or conversion of the property, by which it was lost to the plaintiff.
Second, it became a question whether the bar of the statute was complete before the statute' was suspended by the constitutional convention of 1865, and in determining this it became a question whether the courts were open to the plaintiff to bring his suit for a period after the cause of action accrued, long enough to create the bar. On this question the judge instructed the jury that the courts in this sense were open whenever the clerks were in the exercise of “the functions of their office, at the proper place, so the plaintiff could bring his suit, whether the judges attended to hold the court and try the cases or not.” This we think was error. If the clerk and sheriff were in the exercise of their functions, so that the plaintiff could have instituted his suit, then it would probably be true that the courts were open so that, the plaintiff might have brought his suit; but we think it was too strong to hold it sufficient to show that the clerk was in the exercise of his functions.
It is next objected that the venue was improperly changed from Hamilton to Sequatchie county. The objection is, that the compurgators who support the application were agents and employes of the defendant.
The requirements of the statute are that “they shall be respectable and disinterested persons.” [Shannon’s Code, sec. 4551.] They are shown'to be respectable. There is nothing to show that they were interested in the result of the cause. The fact that they were agents of the defendant does not of itself show that they were interested.
*412 For the error above indicated the judgment will be reversed and a new trial awarded.